UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CARRILLO,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>        Respondents. | 1:09-cv–01331-SMS-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION TO CHANGE THE NAME OF RESPONDENT (Docs. 13, 1)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT (DOC. 12)<br><br>ORDER DIRECTING THE CLERK TO CHANGE THE NAME OF THE RESPONDENT TO WARDEN JAMES A. YATES<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE PETITION (Doc. 1)<br><br>ORDER SETTING A BRIEFING SCHEDULE<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL |

    Petitioner is a state prisoner proceeding pro se and in forma with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion to amend the petition to name as Respondent James A. Yates, Warden at

Pleasant Valley State Prison (PVSP), where Petitioner is incarcerated.

### I. Petitioner's Motion to Amend the Petition to Name an Appropriate Respondent

Petitioner filed the motion pursuant to the suggestion of the Court in its order of July 13, 2010, in which the Court granted leave to Petitioner to amend the petition.

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases (Habeas Rules); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Warden James A. Yates is the official having control over Petitioner's custodial institution and thus is an appropriate respondent in this action. The Court will direct that James A. Yates, Warden of PVSP, be named as Respondent, in place of the previously named People of the State of California (pet. 1).

### II. Motion for Extension of Time

On August 6, 2010, Petitioner filed a motion for an extension of time within which to file a motion the amend the petition to name a proper respondent. (Doc. 12.) Because Petitioner has filed the motion to amend, the motion for the extension of time will be denied as moot.

### III. A Response to the Petition

The Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

2

Accordingly, pursuant to Habeas Rule 4 and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court will direct the filing of a response, set a briefing schedule, and give directions for service of documents.

IV.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to change the named Respondent is GRANTED; and

2) Petitioner's motion for an extension of time to file a motion to amend is DENIED as moot; and

3) The Clerk is DIRECTED to change the Respondent named in this proceeding to James A. Yates, Warden of the Pleasant Valley State Prison; and

4) Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order.  <u>See</u> Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response).  A response can be made by filing one of the following:

>    A.   An ANSWER addressing the merits of the petition. Respondent SHALL INCLUDE with the ANSWER any and all transcripts or other documents necessary for

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Habeas Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Habeas Rule 12.

[2] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

3

     the resolution of the issues presented in the petition.  See Rule 5, Rules Governing Section 2254 Cases.  Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

  B. A MOTION TO DISMISS the petition.  A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.  See Rule 5, Rules Governing Section 2254 Cases.[3]

4.  If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

5.  If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days.  Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

---

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

4

6. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

7. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   August 13, 2010**          /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE

5